### IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MBOYA MARKS | * | |
| | * | |
| V. | * | |
| | * | NO: 4:13MC00001 WW |
| STATE OF ARKANSAS, ET AL. | * | |
| | * | |

### ORDER

On February 12, 2013, Mboya Marks, an inmate of the Arizona Department of Corrections, filed a *pro se* motion to proceed *in forma pauperis* along with a motion titled "request for production of documents." Marks seeks "information regarding records amended in the state and/or federal government agencies pertaining to his payments of child support that were being garnished from his employment payroll checks, when he was employed." Docket entry #2, at 2.

The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*. A complaint is frivolous where it lacks an arguable basis either in law or fact, and it lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

Marks brings his "motion" pursuant to the "Freedom of Information Act and Privacy Act of the Federal Statutes." The federal Freedom of Information Act ("FOIA") requires that federal

agencies make certain documents available for public information purposes and provides that a federal district court may enjoin a federal agency from improperly withholding agency records from a complainant.  However, before a district court has jurisdiction to take such action, a complainant must seek to obtain records from the appropriate agency and comply with published rules stating the time, place, fees (if any), and procedures to be followed in connection with a record request.  *See* 5 U.S.C. § 552(3)(A); *Elnashar v. United States Dept. of Justice,* 446 F.3d 792, 796 (8th Cir. 2006)(noting that a plaintiff must exhaust administrative remedies in seeking access to his records before bringing suit under the federal Freedom of Information Act).

In this case, it appears that Marks is attempting to initiate a request for records from both federal and state agencies, and he fails to allege facts showing that he has at exhausted his administrative remedies.  Because it is clear that Marks lacks a legal basis for the relief sought, the request for documents (docket entry #2) is DENIED, the motion to proceed *in forma pauperis* (docket entry #1) is DENIED AS MOOT, and pursuant to the judgment entered together with this order, this proceeding is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 21st DAY OF FEBRUARY, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE